IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM COLBERT                                                                                    PETITIONER

v.                                          Case No. 6:06-cv-6058

LARRY NORRIS, Director,                                                                         RESPONDENT
Arkansas Department of Correction


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, WILLIAM COLBERT, an inmate confined in the Ouachita River Correctional Unit of the Arkansas Department of Corrections, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). This petition was referred to this Court for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**A. Procedural Background**[1]:

On September 28, 2005, Petitioner pled guilty to rape in Circuit Court of Pulaski County, Arkansas. Petitioner was sentenced to twenty (20) year's imprisonment. He appealed his guilty plea and sentence to the Arkansas Court of Appeals alleging he was incompetent to enter a guilty plea and that his trial counsel rendered ineffective assistance. The Arkansas Court of Appeals dismissed the appeal on March 1, 2006, on the ground that the Petitioner did not have the right to appeal a guilty plea.[2] *See Colbert v. State*, CACR 06-019, 2006 WL 477632, at *1 (Ark. App. 2006). The Petitioner appealed the decision of the Court of Appeals to the Arkansas Supreme Court, which

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] A.R.APP.P.-CRIM. Rule 1(a) states in part: "**Right of Appeal**. Any person convicted of a misdemeanor or a felony by virtue of trial in any circuit court of this state has the right to appeal to the Arkansas Court of Appeals or to the Supreme Court of Arkansas. . . *Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.*" (emphasis added).

dismissed his appeal without a formal written opinion by letter dated September 7, 2006. Neither appellate court in Arkansas addressed the substantive issues raised by the Petitioner. Petitioner did not seek any other post conviction relief from the Arkansas state courts.

**B. Current Petition**:

On October 10, 2006[3], Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He raises two claims for relief. Petitioner alleges: (1) he was not competent to enter a plea of guilty or understand that he was giving up the right to trial by jury; and (2) he was denied effective assistance of counsel because his court appointed counsel "taking advantage of the Petitioner's impaired intelligence, allowed him to enter into a plea agreement. . ." The Respondent asserts that Petitioner's claims are procedurally barred in that Petitioner failed to exhaust his state court remedies prior to filing the instant petition. Alternatively, the Respondent asserts the Petitioner cannot show "cause" and "prejudice" for the procedural default.

Petitioner requested additional time, up to and including June 4, 2007, to respond to the assertions of the Respondent and the Court granted that request. However, Petitioner has not responded to the assertions of the Respondent and has made no new or additional submissions to the Court. This matter is ready for decision.

**C. Discussion**:

**1. Procedural Bar**: A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v.*

---

[3]The Petition was signed on September 18, 2006, and the Court assumes without deciding that the same was placed in the prison mail system on that date.

*Norris*, 279 F.3d 651, 656 (8th Cir. 2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.* If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[4]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

The State of Arkansas has a procedural rule which bars the appeal of a guilty plea, unless the plea was a "conditional plea" reserving the right to challenge the denial of a motion to suppress evidence. *See* A.R.APP.P.-CRIM. Rule 1(a) and A.R.CR.P. Rule 24.3(b).[5] Further, a state prisoner may appeal a guilty plea to challenge the evidence presented at the sentencing hearing or to appeal the validity the denial of a post trial motion challenging the legality of a sentence. *See Seibs v. State*, 357 Ark. 331, 334, 166 S.W.2d 16, 17 (2004).

Here the Petitioner attempted to appeal his guilty plea. Petitioner does not contend that he entered a conditional plea, reserving the right to challenge the denial of a motion to suppress. He

---

[4] To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

[5] A.R.CR.P. Rule 24.3 (b) states: "With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement. If the defendant prevails on appeal, the defendant shall be allowed to withdraw the conditional plea."

also does not claim that he was subjected to an illegal sentence or that improper evidence was allowed during his sentencing hearing. The Arkansas Court of Appeals addressed this exact issue and held "the record does not indicate that appellant's plea falls within either exception." *Colbert v. State*. Petitioner's claims were barred by A.R.APP.P.-CRIM. Rule 1(a), and are thus barred in federal court. *See Clemons*, 381 F.3d at 750.

**2. Cause and Prejudice**: Because Petitioner's claims were barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice in order to proceed in federal court on this *habeas corpus* petition. *See Coleman*, 501 U.S. at 750. Here, Petitioner cannot show cause for his procedural default.

Petitioner states he was incompetent at the time of the guilty plea but offers no proof of that incompetency other than to state that he has a speech impediment and "an estimated score of 60-70 on the Arkansas Dept. of Correction Intelligence Test." Petitioner asserts "A competency hearing should have been ordered by the court." *See* Petition, (Doc. No. 1 at 4). On federal *habeas corpus* review, a state prisoner has the burden of establishing the facts known to the state trial judge which would require a competency hearing. *See Reynolds v. Norris*, 86 F.2d 796, 801 (8th Cir. 1996)("On *habeas* review of a procedural competency claim, the court asks whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to the defendant's competency to stand trial"). There are no such facts alleged here, much less established.

Petitioner also asserts that his counsel was ineffective for failing to adequately explain the ramifications of the guilty plea. In some cases, ineffective assistance of counsel may be cause

excusing a procedural default. *See Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). However, in general, in order to urge ineffective assistance as cause excusing a procedural default, the federal *habeas* petitioner must have properly raised the ineffectiveness claim in state court. *See id,* citing *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000). Petitioner did not raise ineffectiveness of counsel in state court and therefore, cannot establish "cause" for his procedural default in this manner.[6]

**3. Actual Innocence**: A federal *habeas* petitioner who has procedurally default may be able to proceed if he establishes a fundamental miscarriage of justice. Specifically such petitioner must establish that there is (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). This exception should only be applied in an "extraordinary case." *Id*.

Here, Petitioner alleges no new evidence regarding his actual innocence. He simply states "the petitioner claims his actual innocence." Petition, (Doc. No. 1 at 4). He makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits. Petitioner has wholly failed to show that a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

**D. Conclusion**:

Petitioner failed to adequately exhaust his state court remedies. He was procedurally barred by an independent state procedural rule from presenting his claims in state court. He has failed to

---

[6]Because the Petitioner has failed to establish "cause" for his procedural default the Court need not examine whether he was prejudiced by the default.

establish "cause" for that procedural default. He has failed to plead or establish that new and reliable evidence exists which tends to show his actual innocence. The Petition filed herein should be denied and dismissed with prejudice.

E. **Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as dismissed with prejudice.[7]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **21st day of June, 2007.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[7] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).